UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARGO GROUP, et al.,<br><br>    Defendants. | Case No. 23-cv-03542-TSH<br><br>**SECOND SCREENING ORDER** |

## I.    INTRODUCTION

Plaintiff Terrance Turner, proceeding pro se, filed a complaint and application to proceed in forma pauperis. ECF Nos. 1, 2. On July 24, 2023, the Court granted Plaintiff's application to proceed in forma pauperis and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 7. Plaintiff has now filed a Second Amended Complaint.[1] ECF No. 11. For the reasons stated below, the Court finds the amended complaint is still deficient. No later than September 14, 2023, Plaintiff must file a third amended complaint curing the deficiencies identified in this screening order. If Plaintiff fails to cure these deficiencies, the case will be reassigned to a Unites States district judge with a recommendation for dismissal.

## II.    LEGAL STANDARD

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure

---

[1] Plaintiff filed a First Amended Complaint earlier the same day. ECF No. 9.

1    12(b)(6) regarding dismissals for failure to state a claim. *See id.*; *see also Lopez v. Smith*, 203

2    F.3d 1122, 1126-27 (9th Cir. 2000). As such, the complaint must allege facts that plausibly

3    establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

4    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

5    draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

6    *Iqbal*, 556 U.S. 662, 678 (2009).

7          A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

8    complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

9    to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is

10   not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179

11   (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under

12   Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

13         Plaintiff is proceeding without representation by a lawyer. While the Court must construe

14   the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to

15   the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

16   Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this

17   District. *See* N.D. Cal. Civ. L.R. 3-9(a).

### III. APPLICATION

**A. Real Party in Interest and Non-Attorney Representation**

20         When this case was filed on July 17, 2023, the identity of the intended plaintiffs was

21   unclear. In the case caption and in Part I(A) on page 1 of the original complaint, the named

22   plaintiffs are Terrance Turner and Christopher Martinez. ECF No. 1. However, in Part II(B) on

23   page 3, the plaintiffs appeared to be Turner and Service Zero Profession Services. Accordingly,

24   on July 19 the Court ordered Plaintiff(s) to file a statement indicating who he or they intended the

25   named plaintiffs to be in this case. ECF No. 5. In response, Turner stated "I AM THE

26   PLAINTIFF." ECF No. 6. On that basis, the Court granted Turner's in forma pauperis

27   application and screened the complaint.

28         In the amended complaint, the caption states Turner brings this complaint "individually

and on behalf of, CHRISTOPHER MARTINEZ." The complaint is not signed by Turner or Martinez. Under the heading PARTIES, both Turner and Martinez are listed as plaintiffs. *See* ECF No. 11 at 8 (stating "Terrance Turner is an affiliate of USSOCOM and The Federal Bureau of Investigations. Federal Bar Appointee, 431170989. Terrance Turner is charged with filing lawsuits during the natural course of business and life restitution activities beyond personal whim, beyond personal will, is the subject of monitoring per CIA AND USSOCOM directive and military intelligence clearance clandestine programs" and "Christopher Martinez is a normal human citizen who has incurred stay and unrecidivism through a penitentiary stay program, currently a published author and public speaker confessing the evils of substance abuse and how to steer around them. This is the primary victim of this complaint."). A new application to proceed in forma pauperis has also been filed. ECF No. 10. It is signed by Christopher Martinez, but at the same time states that Christopher Martinez is the applicant's spouse. *Id.*

The general pro se provision set forth in 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." While this provision allows Turner to prosecute his own actions, "[a] pro se plaintiff can only 'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in federal court on behalf of others.'" *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 (9th Cir. 2017) (quoting *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007)); *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). This rule "is intended to protect litigants and the court from vexatious and poorly drafted claims, and to ensure that litigants' rights are advanced by individuals bound by duties of competence and professional ethics." *D.K. ex rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d 1088, 1090 (C.D. Cal. 2006) (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir. 1998)). Thus, if Turner is not an attorney, he may bring claims on behalf of himself but not Martinez.

It also appears Turner may seek to bring this case as counsel for Martinez, as the "Attorneys" section of the civil cover sheet lists his company, Service Zero Professional Services, and is signed by Turner as "Attorney of Record." ECF No. 1-1. However, there is no indication

1    that Turner is a licensed attorney, either in California or any other State. If Turner is a licensed
2    attorney and seeks to bring claims on Martinez's behalf in this capacity, Civil Local Rule 11-1(a)
3    provides that "an attorney must be a member of the bar of this Court to practice in this Court."
4    Rule 11-1(b) further provides: "To be eligible for admission to and continuing membership in the
5    bar of this Court, an attorney must be an active member in good standing of the State Bar of
6    California." Thus, Turner "must present to the Clerk a sworn petition for admission in the form
7    prescribed by the Court." *See* Civ. L.R. 11-1(c). The Court also advises Turner that Civil Local
8    Rule 11-8 provides that "a person who exercises, or pretends to be entitled to exercise, any of the
9    privileges of membership in the bar of this Court, when that person is not entitled to exercise such
10   privileges" may be subject to sanctions.
11          Accordingly, Plaintiff(s) must file an amended complaint that clarifies this issue. If Turner
12   is a licensed attorney that seeks to bring claims on Martinez's behalf, he must comply with the
13   requirements of Civil Local Rule 11. If Martinez seeks to bring claims on his own, this must be
14   made clear in the amended complaint by Martinez signing the amended complaint and attesting
15   that he seeks to prosecute the claims alleged in the complaint on his own. Alternatively, Turner
16   may file an amended complaint with claims brought on behalf of himself only.

**B.     Federal Subject Matter Jurisdiction**

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens

of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

As to federal question jurisdiction, Plaintiff lists several claims, none of which can be a basis for this Court's jurisdiction. Plaintiff first alleges a claim under the Military Commissions Act, stating: "Violating the sanctity of employment is an act of terrorism. No one can eat without income. No one can survive without income. No one can live without the ability to generate income. No one can live without the finance resource to allow for somewhere to live." ECF No. 11 at 5. However, the Military Commissions Act "establishes procedures governing the use of military commissions to try alien unprivileged enemy belligerents for violations of the law of war and other offenses triable by military commission." 10 U.S.C. § 948b. It does not create a private right of action for an individual such as Plaintiff.

Plaintiff also lists several United States Code provisions, including 18 U.S.C. § 241, 18 U.S.C. § 1031, 18 U.S.C. § 1038, and 18 U.S.C. § 1592. ECF No. 11 at 5-6. However, these are criminal statutes, and it is well-established that "private individuals lack standing to assert claims for relief based on criminal statutes." *Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (collecting cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability.").

As to diversity jurisdiction, Plaintiff states "All parties are from different states." ECF No. 11 at 4. However, other than listing three defendants in the caption, Plaintiff provides no information about them, and the Court is thus unable to determine whether diversity jurisdiction exists.

Accordingly, Plaintiff must file an amended complaint that clarifies the basis on which this Court's subject matter jurisdiction exists.

**C.     Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was

5

"argumentative, prolix, replete with redundancy, and largely irrelevant"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In its July 24 screening order, the Court noted that Plaintiff listed over a dozen potential claims, yet he did not attempt to provide his grounds for entitlement to relief under any of them, nor did he specify which defendants he contends are liable for each claim. To comply with Rule 8's pleading requirement, the Court directed Plaintiff to allege the following information in an amended complaint: (1) what laws or rights were violated by each Defendant's conduct; (2) the actions by each Defendant that gave rise to his claims; and (3) how he was harmed.

In his amended complaint, Plaintiff fails to cure these deficiencies. First, although Plaintiff lists three defendants in the caption (Argo Group, Argo Group Limited, Inc., and Argo Global Assicurazioni S.P.A.), he does not specify which laws or rights each violated. Instead, Plaintiff makes general allegations, such as "Terroristic Threats & Criminal Attempted Homicide, through failure to pay a claim and dispense benefit of an insurance policy when the previous, former worker has no viable source of income and can not perform service or labor due to injury which are 'still' being planned on, being operated upon" and "Conspiracy to defraud The Government of The United States of America by housing and holding their 'base of operations' in Bermuda, and scattering the 'claims department' all over the country, and not singularly, collectively housed within one common building structure." ECF No. 11 at 4. Plaintiff also appears to include unrelated allegations, such as that Liberty Mutual, which is not a named defendant,

> supposedly desired to hire, the plaintiff, Terrance Turner, who was seeking fortuitous and gainful employment, and for some reason "these people need someone who is legally adept 'who can read contracts' and keep the business department safe". However, upon the interview, this Puerto Rican looking lady, who is clearly in New York, and who clearly sounds New York, confesses that this "claims risk" department is under review constantly and they "need a way" to make

1
2
>it look like they are actually investigating people who are about to receive a claim payment dispense, from Liberty Mutual, a claim payout.

3   ECF No. 11 at 6.

4   Further, the Court notes Plaintiff is well-aware of these pleading requirements, as he has filed at least 23 similar actions against other defendants in this District in the past year, and judges have repeatedly provided instructions regarding what he is required to plead. *See, e.g., Turner v. Empire-Today, Today's Sales LLC*, No. 22-cv-6994 JSC (dismissing case as frivolous and noting "Plaintiff has filed nearly identical actions against other defendants in this District"); *Turner v. Patrice & Associates*, No. 22-cv-7490 EMC (dismissing case with prejudice, finding the complaint is "a generalized rant, has many fanciful allegations, and does not provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"); *Turner et al v. World Pay et al.*, No. 22-cv-7753 CRB (dismissing first amended complaint for failure to state a claim and granting opportunity to file second amended complaint); *Turner v. Factwise Health*, No. 23-cv-03383-SK (screening complaint and directing Turner to file amended complaint); *Turner v. Booze Allen Hamilton*, No. 23-cv-03386-SK (same); *Turner v. Dinan Recruiting*, No. 23-cv-03379-AGT (same); *Turner v. Stripe Payments Co.*, No. 23-cv-03385-AGT (same).

In sum, while Plaintiff has provided more information, it is still unclear what actions he alleges each Defendant took against him and how he was harmed as a result. Accordingly, Plaintiff must file an amended complaint that complies with the requirements of Rule 8.

## IV.   CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given Plaintiff's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant a final opportunity to amend. Accordingly, the Court **ORDERS** Plaintiff to file a third amended complaint by September 14, 2023

### A.   REQUIREMENTS FOR AMENDED COMPLAINT

Because an amended complaint replaces the previous complaint, it may not incorporate

7

claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (3:23-cv-03542 TSH), the title ("THIRD AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    RESOURCES**

Plaintiff is again advised of the resources offered at the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at

8

http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at:

http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: August 15, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge

9